Dated: December 03, 2010

**The following is ORDERED:**



TOM R. CORNISH
UNITED STATES BANKRUPTCY JUDGE

_____

NOT FOR PUBLICATION

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

In Re:

**NITA SUE HAMBRICK**,                           Case No. 09-81378-TRC
                                               Chapter 13

               Debtor.

**PERCEPTUAL DEVELOPMENT
CORPORATION,**

               Plaintiff,

v.                                                     Adv. No. 09-8043-TRC

**NITA SUE HAMBRICK**,

               Defendant and
               Counter-Claimant.

<u>**ORDER DENYING STAY PENDING APPEAL**</u>

This matter came on for hearing before this Court on November 17, 2010, on Defendant's

Amended Motion to Stay Order Pending Appeal (Docket Entry 86) and Plaintiff's Objection (Docket Entry 91). Appearing before the Court were Jerome Sepkowitz for Plaintiff and Darryl F. Roberts for Defendant. The matter was taken under advisement by this Court.

This Order constitutes the Court's findings of fact and conclusions of law consistent with Fed. R. Bankr. P. 7052. For reasons set forth below, the Court determines that Defendant's request for a stay of the Court's Order of Abstention pending appeal should be denied.

The granting of a stay pending an appeal is discretionary with the court. *In re Lang*, 305 B.R. 905, 911 (10th Cir. BAP 2004) *affirmed on other grounds* 414 F.3d 1191 (10th Cir. 2005). The factors to be considered pending appeal are well-established, and are as follows: (1) likelihood that the party seeking the stay will prevail on the merits of the appeal; (2) likelihood that the moving party will suffer irreparable injury unless the stay is granted; (3) whether granting the stay will result in substantial harm to the other parties to the appeal; and (4) the effect of granting the stay upon the public interest. *Id*.

Defendant's amended motion does not directly discuss the first issue. At the hearing on the motion, Defendant's counsel argued that this adversary was a core proceeding which this Court was required to decide and from which it should not have abstained. Plaintiff responded that an order of permissive abstention is not an appealable order, pursuant to 28 U.S.C. § 1334(d), thus Defendant cannot prevail on appeal. Regardless of whether this is or is not an appealable order, this Court heard nothing from Defendant to establish a sufficient likelihood of success on the merits of her appeal. Defendant provided no authority that raises "serious questions going to the merits" of the abstention order. *In re Forty-Eight Insulations, Inc.*, 115 F.3d 1294, 1301 (7th Cir. 1997) (citations omitted). As Defendant admits in her motion, the sole issue pending between the parties is a

3

contractual provision that arises under state law, which this Court determined was better left to state courts to decide. A bankruptcy court is not compelled to hear a case even when it has jurisdiction, and may, in its discretion, abstain from hearing a matter. 28 U.S.C. § 1334(c)(1). Defendant cited no authority to the contrary nor alleges that this Court abused its discretion in deciding to abstain. Thus, she has given the Court no reason to believe that she is likely to prevail on the merits of her appeal, and she has not met her burden regarding this factor.

Defendant states that she will suffer irreparable harm and will be forced to go out of business should a stay not be granted. This is because Defendant states that she cannot afford to defend a pending state court action in California, because she believes the contractual provision at issue is designed to put her out of business, and because her appeal will be rendered moot absent the issuance of a stay. This Court does not find these arguments persuasive.

The contract Defendant signed provided that disputes would be resolved by arbitration or by a particular California court. She was a defendant in a California lawsuit and a plaintiff in an Oklahoma lawsuit. Thus, she was on notice of the possibility that she may be subject to a lawsuit in California long before she turned to the bankruptcy court for relief. Further, she provided no evidence to the Court of her financial condition, or of the estimated costs of litigating in California compared to the costs of litigating before this Court in Oklahoma and pursuing an appeal for which a bond may be required. Regardless of whether this dispute is heard in California, Oklahoma state court, or by this bankruptcy court after an appeal, Defendant will incur litigation expenses. This Court has no way to predict the financial impact of litigation on any party, thus any harm alleged at this point is speculative. Finally, the fact that an appeal may be rendered moot without the imposition of a stay does not of itself constitute irreparable harm. *In re Sunflower Racing, Inc*. 223

B.R. 222 (D. Kan. 1998) (citations omitted).

Plaintiff alleges that it will suffer harm if a stay is granted since the contract dispute has been at issue since at least 2008. Imposition of a stay pending an appeal through the District Court and possibly beyond, could significantly delay a decision on the merits. Defendant denies any adverse impact to Plaintiff, but apparently she is continuing to do business in spite of her dispute with Plaintiff. The extent of harm that may be suffered by Plaintiff is likewise speculative, thus the Court does not believe this factor weighs against the imposition of a stay.

Finally, Defendant argues that the matter at issue involves a significant public policy that will be violated if the order of abstention is not stayed. This argument is based upon Defendant's assumption that she will not prevail if the case is decided by a California court and that its decision regarding the contract provision will be against Oklahoma law. Again, this is pure speculation. Further, the matter of covenants not to compete does not give rise to strong public interest considerations sufficient to compel a stay. Although a covenant not to compete involves a state public policy, it would not serve the public interest to impose a stay pending resolution by a federal court. *See In re Gleasman*, 111 B.R. 595, 601-602 (Bankr. W.D. Tex. 1990). This is essentially a contract dispute between two private parties involving private rights. Therefore, this factor does not support a stay.

IT IS THEREFORE ORDERED that Defendant's Amended Motion to Stay Order Pending Appeal (Docket Entry 86) is **denied**.

###